IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| USMAN GHANI and TAHIRA U. GHANI, on behalf of themselves and all similarly situated consumers,<br><br>*Plaintiffs*,<br><br>v.<br><br>NOTE SERVICING CENTER, INC., NATIONSTAR MORTGAGE LLC, and HOUSING GROUP RECOVERY FUND, LP,<br><br>*Defendants*. | Case No. 3:26-cv-00171<br><br>Jury Demanded |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper")[1] hereby removes the above-captioned case, currently pending in the General Court of Justice Superior Court Division of Mecklenburg County, North Carolina as Docket No. 25CV068811-590, to the United States District Court for the Western District of North Carolina, Charlotte Division. In support of removal, Mr. Cooper states the following:

**I.    BACKGROUND**

1.    On or about December 22, 2025, Usman Ghani and Tahira U. Ghani ("Plaintiffs"), on behalf of themselves and all similarly situated consumers, filed a complaint ("Complaint") captioned *Ghani v. Note Servicing Center, Inc., et al.*, Case No. 25CV068811-590, in the General

---

[1] Rocket Mortgage, LLC is successor by merger to Nationstar Mortgage LLC effective February 2, 2026.

1

Court of Justice Superior Court Division of Mecklenburg County, North Carolina against Note Servicing Center, Inc. ("NSC"), Housing Group Recovery Fund, LP ("HGR Fund"), and Mr. Cooper (the "State Court Action"). The Complaint and the state-court filings are attached hereto collectively as **Exhibit A**.

2. Plaintiffs served Mr. Cooper on February 4, 2026, via certified mail.

3. Defendants NSC and HGR Fund consent to this removal.

4. Plaintiffs assert claims against Mr. Cooper, NSC, and HGR Fund under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the Truth in Lending Act ("TILA") and Regulation Z, 12 C.F.R. § 1026.41(e)(6), in connection with a mortgage loan agreement secured by Plaintiffs' residence and on behalf of similarly situated residential mortgage borrowers. Compl. ¶¶ 61-85. Plaintiffs also assert claims against Mr. Cooper and NSC under the North Carolina Debt Collection Act (the "NCDCA"), N.C.G.S. § 75-50 *et seq.*, *id.* ¶¶ 86-94 and against HGR Fund under the North Carolina Collection Agency Act (the "NCCAA"), N.C.G.S. §§ 58-70-1 *et seq.*, *id.* ¶¶ 95-109.

## II. FEDERAL QUESTION JURISDICTION

5. Removal of this action is proper because the claims asserted by Plaintiffs arise under the laws of the United States, specifically alleged violations of the FDCPA (Counts One, Three, and Four as to all defendants) and TILA and Regulation Z (Count Two as to all defendants). Compl. ¶¶ 61-85. Based on the presence of claims implicating federal questions, this action brought within the General Court of Justice Superior Court Division of Mecklenburg County, North Carolina, is one over which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1331.

6. Accordingly, this action may be removed to the United Sates District Court for the Western District of North Carolina, Charlotte Division, as the district court of the United States for the district and division embracing the place where such action is pending under 28 U.S.C. §§ 1441 and 1446(a). *See* 28 U.S.C. § 113(c).

7. Furthermore, as to Plaintiffs' state law claims under the NCDCA (Counts Five and Six as to NSC and Mr. Cooper) and NCCAA (Counts Seven, Eight, Nine, and Ten as to HGR Fund), this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because they are so related to the claims in the action within the federal question jurisdiction such that they form part of the same case or controversy.

### III. MR. COOPER HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL

8. <u>Removal is Timely</u>. This removal is timely under 28 U.S.C. § 1446(b)(1) because Mr. Cooper removed the State Court Action within 30 days of service of the Complaint on Mr. Cooper. *See* 28 U.S.C. § 1446(b)(1). Mr. Cooper was served with the Complaint on February 4, 2026.

9. <u>Removal to Proper Court.</u> Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is being filed in the United States District Court for the Western District of North Carolina, Charlotte Division, which is part of the district and division embracing the place where this action was filed—Mecklenburg County, North Carolina. *See* 28 U.S.C. § 113(c).

10. <u>Signature.</u> This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, in compliance with 28. U.S.C. § 1446(a).

11. <u>Pleadings and Process</u>. Copies of all processes, pleadings, and orders served on Mr. Cooper in the State Court Action are attached as **Exhibit A** hereto, in compliance with 28 U.S.C. § 1446(a).

3

Case 3:26-cv-00171-MOC-DCK    Document 1    Filed 03/05/26    Page 3 of 6

12.     <u>Notice of Removal to All Adverse Parties.</u>  Attached as **Exhibit B** hereto is a copy of the Notice of Removal to All Adverse Parties, which will be contemporaneously served on counsel for Plaintiffs, pursuant to 28 U.S.C. § 1446(d).

13.     <u>Notice of Filing of Notice of Removal.</u>  Attached as **Exhibit C** hereto is a copy of the Notice of Filing of Notice of Removal, which will be contemporaneously filed with the Clerk of the General Court of Justice Superior Court Division of Mecklenburg County, North Carolina pursuant to 28 U.S.C. § 1446(d).

14.     <u>Consent.</u>  All defendants have consented to the removal of this action to the United States District Court for the Western District of North Carolina, Charlotte Division.  *See* 28 U.S.C. § 1446(b).  Attached as **Exhibit D** is a signed statement of consent to removal by NSC and HGR Fund.  Plaintiffs also consent to removal.

## IV.    <u>CONCLUSION</u>

15.     Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.  Accordingly, Mr. Cooper respectfully requests the removal of the State Court Action to the United States District Court for the Western District of North Carolina, Charlotte Division pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: March 5, 2026

/s/ Elizabeth Zwickert Timmermans
Elizabeth Zwickert Timmermans
N.C. State Bar No. 40205
Peter J. Wright
N.C. State Bar No. 62879
**MCGUIREWOODS LLP**
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Tel: (919) 755-6576
eztimmermans@mcguirewoods.com
pwright@mcguirewoods.com

*Counsel for Nationstar Mortgage LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 5, 2026, I caused the foregoing document, and all attachments thereto, to be filed via the Court's CM/ECF system and that additional copies will be served by regular first-class mail and electronic mail to the following:

Rashad Blossom
Blossom Law PLLC
126 N. McDowell St., 2nd Floor
Charlotte, NC 28204
Tel: (704) 256-7766
rblossom@blossomlaw.com
*Attorney for Plaintiffs*

Jeffrey A. Bunda
N.C. Bar No.: 34432
Claire Collins Dickerhoff
N.C. Bar No.: 44306
Hutchens Law Firm LLP
6230 Fairview Road, Suite 315
Charlotte, NC 28210
Tel: (704) 362-9255
jeff.bunda@hutchenslawfirm.com
claire.dickerhoff@hutchenslawfirm.com

*Attorneys for Note Servicing Center, Inc. and Housing Group Recovery Fund, LP*

Dated: March 5, 2026

                                                        */s/ Elizabeth Zwickert Timmermans*
Elizabeth Zwickert Timmermans
N.C. State Bar No. 40205
Peter J. Wright
N.C. State Bar No. 62879
**MCGUIREWOODS LLP**
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Tel: (919) 755-6576
eztimmermans@mcguirewoods.com
pwright@mcguirewoods.com

*Counsel for Nationstar Mortgage LLC*