IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

USMAN GHANI and TAHIRA U. GHANI, on behalf of themselves and all similarly situated consumers,

Plaintiffs,

v. Case No. 3:26-cv-00171-MOC-DCK

NOTE SERVICING CENTER, INC.,
NATIONSTAR MORTGAGE LLC,
and HOUSING GROUP RECOVERY FUND, LP,

Defendants.

**AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Usman Ghani and Tahira U. Ghani, on behalf of themselves and all similarly situated consumers, file this Amended Complaint against Defendants Note Servicing Center, Inc. ("NSC"), Nationstar Mortgage LLC ("Nationstar"), and Housing Group Recovery Fund, LP (the "HGR Fund," and together with NSC and Nationstar, the "Defendants") and allege:

**PRELIMINARY STATEMENT**

1. Defendant HGR Fund allegedly purchases second mortgages that have been dormant and commonly referred to as "zombie mortgages." The purchase of zombie mortgages for collection is a large cottage industry that seeks to buy mortgages for pennies on the dollar and then pursue homeowners for the full principal balance and then add interest and fees to the principal balance.

2. After the alleged purchases, neither HGR Fund nor its servicers, Nationstar and NSC, send periodic billing statements on the mortgages allegedly bought (and often, for several years, neither would Defendants' assignors). Instead, Defendants and their assignors accumulate

interest and other fees on the mortgages and then claim the right to collect the mortgage principal balance along with the added interest and fees. Because Defendants fail to comply with the requirements of the Truth in Lending Act, 15 U.S.C.A. §1601, *et seq.* ("TILA"), they do not have a legal right to collect interest and fees during the time statements were not sent to the borrower.

3. As a result, Defendants seek payment of interest and other fees in violation of federal and state consumer protection laws.

4. Defendants also regularly attempt to foreclose on time-barred mortgages despite North Carolina's 10-year statute of limitations for mortgage foreclosures.

5. Defendants' practices violate the federal Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq*., the North Carolina Debt Collection Act (the "NCDCA"), N.C.G.S. § 75-50 *et seq*., and the North Carolina Collection Agency Act (the "NCCAA").

6. Defendants' practices are not unique to Plaintiffs. On information and belief, Defendants have engaged in the same practices when dealing with other nationwide and North Carolina consumers.

**JURISDICTION**

7. This Court has jurisdiction over the federal claims under 15 U.S.C. § 1692k(d) and supplemental jurisdiction over Plaintiffs' state law claims.

8. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in, or a substantial part of property that is the subject of the action is situated in, this district.

**PARTIES**

9. Usman Ghani and Tahira U. Ghani are natural persons who live in Mecklenburg County, North Carolina and are consumers as defined by 15 U.S.C. § 1692a(3) and N.C.G.S. § 75-

50(1).

10. NSC is a California corporation. At all times relevant to this action, NSC acted as a "debt collector" under the FDCPA because it uses interstate commerce in its business, the principal purpose of which is debt collection. 15 U.S.C. § 1692a(6).

11. NSC's principal business is acquiring the servicing rights of charged off mortgages or mortgages in default for pennies on the dollar and then seeking to collect the face amount of the debt along with interest and fees added to it.

12. NSC uses the mails and other means of interstate commerce to conduct its collection business.

13. NSC is a debt collector under the NCDCA because it engages, directly or indirectly, in debt collection from consumers in the State of North Carolina. N.C.G.S. § 75-50(3).

14. Nationstar is a California limited liability company. At all times relevant to this action, Nationstar acted as a "debt collector" under the FDCPA because it uses interstate commerce in its business, the principal purpose of which is debt collection. 15 U.S.C. § 1692a(6).

15. Nationstar uses the mails and other means of interstate commerce to conduct its collection business.

16. Nationstar is a debt collector under the NCDCA because it engages, directly or indirectly, in debt collection from consumers in the State of North Carolina. N.C.G.S. § 75-50(3).

17. The HGR Fund is a Delaware limited partnership. At all times relevant to this action, the HGR Fund acted as a "debt collector" under the FDCPA because it uses interstate commerce in its business, the principal purpose of which is debt collection. 15 U.S.C. § 1692a(6).

18. The HGR Fund's principal business is acquiring charged off mortgages or mortgages in default for pennies on the dollar and then seeking to collect the face amount of the

debt along with interest and fees added to it.

19. The HGR Fund uses the mails and other means of interstate commerce to conduct its collection business.

20. The HGR Fund is a collection agency under the NCCAA because it is a debt buyer that is engaged in the business of purchasing delinquent or charged-off consumer loans or other consumer debt for collection purposes. N.C.G.S. § 58-70-15(b)(4).

21. By owning and/or servicing loans for real properties in this State, all Defendants engaged in commerce within this State.

## BACKGROUND

22. During the Great Recession many homeowners purchased their homes through an 80/20 financing. That is, the first mortgage was for 80% of the purchase price and a second mortgage provided the remaining 20% of the purchase price.

23. During that time, many second mortgages were either charged off under government programs or by the lenders themselves. Even if not charged off, the loans were often accelerated and communications, including periodic statements concerning the second mortgages, ended.

24. Without receiving any communications on their second mortgages many homeowners thought the debt was resolved.

25. Homeowners were not aware that the second mortgages they thought were resolved were being traded and sold among various companies like Defendants.

26. TILA requires monthly statements to be sent to homeowners unless the loan has been charged off.

27. A charge off relieves a mortgagee of the duty to send monthly statements, but the tradeoff is that no interest or fees may be added to the loan.

28. Even if statements are resumed, the homeowner may not be charged interest or fees for the period that statements were not sent.

29. Defendants ignore these limitations and attempt to collect on the second mortgages, including interest and fees for periods when no statements were sent to homeowners.

30. Defendants also ignore the North Carolina statute of limitations and seek to collect time-barred mortgage debts from consumers in this State.

31. The North Carolina Mortgage Debt Collection and Servicing Act (the "DCSA") prohibits servicers from charging fees unless the fees are "otherwise permitted under applicable law and the contracts between the parties." N.C.G.S. § 45-91(4).

## THE GHANIS' ZOMBIE MORTGAGE

32. Plaintiffs bought their home in Mecklenburg County, North Carolina in September 2006. They financed the purchase with two mortgage loans from Pulte Mortgage LLC that were secured by first and second mortgage deeds of trust against their home. BAC Home Loans Servicing serviced the mortgage loans.

33. Plaintiffs' second mortgage loan was in the principal amount of $26,658.00, with an interest rate of 9.125%. The loan was payable in monthly installments of principal and interest in the amount of $241.31 beginning November 1, 2006.

34. Not long thereafter, as with many people during the Great Recession, Plaintiffs began experiencing financial hardship in that Plaintiff Usman suffered a job loss. As a result, Plaintiffs defaulted on their second mortgage loan by failing to make the monthly payment of principal and interest for January 2010.

35. Effective March 6, 2010, BAC Home Loans Servicing accelerated the debt owed on the second mortgage, demanding immediate payment of all sums due under the terms of the promissory note and secured by the deed of trust.

36. Effective March 22, 2010, BAC Home Loans Servicing purportedly again accelerated the debt owed on the second mortgage, demanding immediate payment of all sums due under the terms of the promissory note and secured by the deed of trust.

37. On information and belief, the last monthly mortgage statement Plaintiffs ever received on the second mortgage loan was from BAC Home Loans Servicing in December 2009.

38. On information and belief, sometime after December 2009, Defendant HGR Fund purchased Plaintiffs' second mortgage loan from the prior owner.

39. Effective November 16, 2013, Defendants Nationstar and NSC acquired the servicing rights to Plaintiffs' second mortgage loan.

40. As of May 5, 2016, Defendant Nationstar "charged off" the second mortgage loan debt, which allowed it to write off the loan as a loss and reduce its and/or the HGR Fund's tax liability.

41. On December 23, 2024, Defendants filed a foreclosure case against Plaintiffs, Case No. 24SP003400-590 (the "Foreclosure Case").

42. On January 9, 2025, Plaintiffs were served with the foreclosure notice of hearing.

43. According to an October 2, 2024, letter from an attorney for the Defendants HGR Fund and NSC, which also was filed in the Foreclosure Case, the total amount due on the loan was $68,631.87, which was comprised of the principal balance of $28,912.00 and interest of $39,719.87. A copy of the October 2, 2024, letter is attached as **Exhibit 1.**

44. According to a second letter dated December 23, 2024 from an attorney for the

Defendants HGR Fund and NSC, which also was filed in the Foreclosure Case, the total amount due on the loan was $69,396.49, which was comprised of the principal balance of $28,912.00, interest of $39,734.49, and attorneys' fees and costs of $750.00. A copy of the December 23, 2024, letter is attached as **Exhibit 2**.

45. On information and belief, either the October 2, 2024, letter or the December 23, 2024, letter was the initial written communication of Defendants HGR Fund or NSC that was sent to Plaintiffs in connection with the collection of the second mortgage loan debt. The October 2, 2024, letter and the December 23, 2024, letter are together referred to herein as the "Initial Written Communication."

46. In North Carolina, the statute of limitations for commencing a foreclosure action is 10 years and accrues from the date of acceleration of the loan. *See* N.C.G.S. § 1-47; *Real Time Resolutions, Inc. v. Cole*, 293, N.C. App. 632, 634, 902 S.E.2d 269, 272 (2024).

47. Plaintiffs' second mortgage loan was accelerated, at the latest, in March 2010. Therefore, Defendants' right to foreclose on the second mortgage became time-barred in March 2020. Despite that, Defendants HGR Fund and NSC commenced the Foreclosure Case on December 23, 2024—more than four years after the statute of limitations expired.

48. Defendants HGR Fund and NSC's actions were a result of the sale of a time barred debt sold or transferred by Defendant Nationstar.

49. Each of the Defendants knew or acted in reckless disregard of the fact that the debt was time barred when Nationstar sold or transferred it and HGR Fund bought it.

50. Defendants HGR Fund and its servicer, NSC, also attempted to collect illegal interest on Plaintiffs' second mortgage loan.

51. Each of the Defendants knew or acted in reckless disregard that interest could not

be charged on the debt sold or transferred by Nationstar to HGR Fund.

52. TILA mandates that a "servicer"— a term that includes the "creditor, assignee, or servicer" – must send periodic statements to a consumer for a residential mortgage loan. 12 C.F.R. § 1026.41.

53. With respect to "charged off" loans like Plaintiffs' second mortgage loan, a servicer is exempt from sending periodic statements to the consumer. However, the servicer may not "retroactively assess fees or interest on the account" for any period of time during which periodic statements were not sent to the consumer. 12 C.F.R. § 1026.41(e)(6).

54. Defendants never sent Plaintiffs a single periodic mortgage statement. The last mortgage statement Plaintiffs received was from BAC Home Loans Servicing in December 2009. Therefore, Defendants cannot retroactively assess almost $40,000.00 in interest on Plaintiffs' second mortgage loan, as HGR Fund attempted to do in the Foreclosure Case.

55. Plaintiffs suffered actual damages because of Defendants' HGR Fund and NSC's attempt to foreclose on the time-barred second mortgage and collect illegal interest and fees. Defendant Nationstar played a critical role in the foreclosure attempts by selling a time barred debt.

56. All Defendants made false and misleading representations concerning the second mortgage loan.

57. Nationstar misrepresented that the debt it sold or transferred was valid and enforceable when it knew or acted in disregard of the fact that the debt was time barred.

58. Defendants HGR Fund and NSC misrepresented that the debt was legally enforceable by commencing the Foreclosure Case when they knew or should have known the debt was time barred and could not be foreclosed on by these Defendants.

59. Plaintiffs paid attorneys thousands of dollars in an effort to save their home. And the Foreclosure Case caused Plaintiffs significant emotional distress. For example, Plaintiff Usman suffered from acute insomnia and extreme worry and concern over the potential loss of the family home. Plaintiff Tahira lost sleep, isolated herself from family and friends, and suffered from extreme worry and concern over the potential loss of the family home.

60. Further, Defendants HGR Fund and NSC demanded payment for a loan that Nationstar sold to HGR Fund when it was time barred. The payment demands included interest and fees to which neither HGR Fund nor NSC were entitled to collect or attempt to collect. The payment demands immediately had the effect of reducing the equity in Plaintiffs' home.

## CLASS ALLEGATIONS

61. Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and on behalf of all people in the following classes (collectively referred to as "Class Members"):

a. Nationwide Charged-Off Mortgage Class: All persons (a) with a "charged off" mortgage loan owned or serviced by any of the Defendants or sold or transferred by any of the Defendants, (b) to whom Defendants caused written correspondence to be sent in the one year predating the filing of this lawsuit through the date of certification, (c) that included a representation that the person owed interest and/or fees for time periods during which the person did not receive periodic mortgage statements.

b. Nationwide Time-Barred Mortgage Class: All persons (a) with a mortgage loan owned or serviced by any of the Defendants, (b) to whom Defendants caused written correspondence to be sent in the one year predating the filing of this lawsuit through the date of certification, (c) that contained a representation that Defendants had the right to foreclose on the mortgage, and (d) the written correspondence was sent after the expiration of the applicable statute of limitations to foreclose on the mortgage.

c. North Carolina Charged-Off Mortgage Class: All persons (a) with a "charged off" North Carolina mortgage loan owned, sold, transferred or serviced by any of the Defendants, (b) to whom Defendants caused written correspondence to be sent in the four years predating the filing of this

lawsuit through the date of certification (c) that included a representation that the person owed interest and/or fees for time periods during which the person did not receive periodic mortgage statements.

i. North Carolina Charged-Off Mortgage Sub-Class: All persons (a) with a "charged off" North Carolina mortgage loan owned or serviced by any of the Defendants, or sold or transferred by any of the Defendants, (b) to whom Defendants caused written correspondence to be sent in the three years predating the filing of this lawsuit through the date of certification (c) that included a representation that the person owed interest and/or fees for time periods during which the person did not receive periodic mortgage statements.

d. North Carolina Time-Barred Mortgage Class: All persons (a) with a North Carolina mortgage loan owned or serviced by any of the Defendants or sold or transferred by any of the Defendants (b) to whom Defendants caused written correspondence to be sent in the four years predating the filing of this lawsuit through the date of certification (c) that included a representation that Defendants had the right to foreclose on the mortgage, and (d) the written correspondence was sent more than 10 years after the acceleration or maturity of the mortgage loan.

i. North Carolina Time-Barred Mortgage Sub-Class: All persons (a) with a North Carolina mortgage loan owned or serviced by any of the Defendants or sold or transferred by any of the Defendants (b) to whom Defendants caused written correspondence to be sent in the three years predating the filing of this lawsuit through the date of certification (c) that included a representation that Defendants had the right to foreclose on the mortgage, and (d) the written correspondence was sent more than 10 years after the acceleration or maturity of the mortgage loan.

62. Each of the above class definitions is a placeholder that may be altered or amended before final judgment.

63. Plaintiffs and each putative Class Member suffered an injury because of Defendants' misrepresentations as to the enforceability of the debt, and Defendants' attempts to collect and foreclose on time-barred mortgages. These injuries include adverse impacts on debt-related decisions, emotional distress, a reduction in home equity, and payment of improper interest and fees through regular payments, modifications, or foreclosure of their homes.

64. Excluded from the putative classes are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

65. **Existence of a Class.** Common questions of law and fact exist as to all Class Members, and there are no factual or legal issues that differ between the members within each class. Common questions of law and fact include, but are not limited to:

a. Whether Defendants violated 15 U.S.C. § 1692e by attempting to collect or collecting interest and/or fees during periods when Plaintiffs and Class Members did not receive periodic statements;

b. Whether Defendants lacked the legal right to collect interest or fees by failing to comply with the TILA and Regulation Z, 12 C.F.R. § 1026.41(e)(6) and attempting to or collecting interest and/or fees during periods when Plaintiffs and Class Members did not receive periodic statements;

c. Whether Defendants violated 15 U.S.C. § 1692f (1) or (6)(a) by attempting to collect and foreclose on the mortgage loans of Plaintiffs and Class Members after the expiration of the applicable statute of limitations for foreclosure of the mortgage;

d. Whether Defendants NSC and Nationstar violated N.C.G.S. §§ 75-50 *et seq*. by attempting to collect interest and/or fees during periods when Plaintiffs and Class Members did not receive periodic statements;

e. Whether Defendants NSC and Nationstar violated N.C.G.S. §§ 75-50 *et seq*. by attempting to collect and foreclose on the mortgage loans of Plaintiffs and Class Members after the expiration of the applicable statute of limitations for foreclosure

of the mortgage;

f. Whether Defendants NSC and Nationstar violated N.C.G.S. §§ 75-50 *et seq*. by falsely representing the character, extent, amount or status of the mortgage loans in a legal proceeding or communication concerning Plaintiffs and Class Members;

g. Whether Defendant HGR Fund violated N.C.G.S. §§ 58-70-1 *et seq*. by attempting to collect interest and/or fees during periods when Plaintiffs and Class Members did not receive periodic statements;

h. Whether Defendant HGR Fund violated N.C.G.S. §§ 58-70-1 *et seq*. by attempting to collect and foreclose on the mortgage loans of Plaintiffs and Class Members after the expiration of the applicable statute of limitations for foreclosure of the mortgage;

i. Whether Defendant HGR Fund violated N.C.G.S. §§ 58-70-1 *et seq*. by falsely representing the character, extent, amount or status of the mortgage loans in a legal proceeding or communication concerning Plaintiffs and Class Members; and

j. Whether Plaintiffs and Class Members are entitled to recover damages from Defendants.

66. **Adequacy of Representation.** Plaintiffs are adequate representatives of the classes and subclasses because their interests are aligned with, and are not antagonistic to, the interests of the class members they seek to represent. Plaintiffs have retained counsel competent and experienced in class-action litigation, and they intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the class members' interests, and neither Plaintiffs nor their counsel have any interests that might cause them not to do so.

67. **Numerosity.** On information and belief, the Class Members within each class are so numerous that joinder of all is impractical. On information and belief, Defendants own and service hundreds of non-performing mortgage loans according to the same procedures for assessment of interest and fees, collections, and foreclosure. The identity of class members may be determined based on Defendants' internal business records, and Class Members may be notified of the pendency of this action by mail and/or other publication based on information in Defendants' possession.

68. **Declaratory and Injunctive Relief.** With respect to the Nationwide Charged-Off Mortgage Class, final declaratory and injunctive relief is appropriate respecting the class as a whole. Defendants have acted on grounds generally applicable to the Nationwide Charged-Off Mortgage Class by contending that they had the legal right to collect interest and fees from class members on "charged off" mortgage loans for time periods during which the class members did not receive periodic mortgage statements.

69. **Superiority.** Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each Class Member are such that individual prosecution would prove burdensome and expensive. Even if Class Members could afford individual litigation, it would be an unnecessary burden on the courts. Individualized litigation also presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system. By contrast, a class action will result in substantial benefits to the litigants and the Court by allowing the Court to resolve claims based on a single set of proof in the case. Without a class action, Defendants will continue a course of action that will result in further damages to the

Plaintiffs and Class Members and Defendants will likely retain the benefits of its wrongdoing.

## COUNT ONE:
## VIOLATION OF FDCPA, 15 U.S.C. § 1692e(2)(A)
## (On Behalf of the Nationwide Charged-Off Mortgage Class – All Defendants)

70. Plaintiffs incorporate all preceding allegations of this complaint.

71. The FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors like Defendant from making false or misleading representations, including false representations as to "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Each Defendant made misrepresentations concerning the character, amount, or legal status of any debt, as alleged above.

72. TILA exempts a "servicer" like Defendants NSC and Nationstar from sending periodic statements to consumers for "charged off" mortgage loans. However, the servicer cannot "retroactively assess fees or interest on the account" for the period of time during which periodic statements were not sent to a consumer. 12 C.F.R. § 1026.41(e)(6).

73. Defendants have made false representations as to the "character, amount, or legal status" of Class Members' "charged off" mortgage loans by representing that Class Members owe interest and fees for time periods during which the Defendants or their predecessors-in-interest did not have the legal right to collect interest and fees because they did not send periodic mortgage statements to Class Members.

74. For example, Plaintiffs' second mortgage loan was charged off in 2016. Plaintiffs have not received a mortgage statement for the loan since around 2009. Nationstar sold or transferred the loan to HGR Fund and then a letter was sent to Plaintiffs by Defendants HGR Fund and NSC dated October 2, 2024, that represented that the balance due on the loan was $68,631.87, a sum that included interest of $39,719.87. Defendants HGR Fund and NSC also sent Plaintiffs a letter dated December 23, 2024, that represented that the balance due on the loan was $69,396.49,

a sum that included $39,734.49 in interest and attorneys' fees and costs of $750.00. The vast majority of that interest and fees accrued over a 16-year time period during which Plaintiffs did not receive a single mortgage statement.

75. Nationstar is liable for the actions of HGR Fund and NSC because, while it asserts it assigned Plaintiffs' and Class members' mortgages to HGR Fund and NSC, it had no legal right to assign.

76. Alternatively, the assignment does not relieve Nationstar of liability for enforcement efforts made by HGR Fund or NSC.

77. The representations that any of them had a legal right to collect interest and fees that are not permitted under federal law violates 15 U.S.C. § 1692e(2)(A).

78. Plaintiffs and members of the Nationwide Charged-Off Mortgage Class are entitled to an award of damages, plus attorneys' fees and costs for Defendants' violations of 15 U.S.C. § 1692e.

**COUNT TWO:**
**VIOLATION OF FDCPA, 15 U.S.C. § 1692f(1)**
**(On Behalf of the Nationwide Time-Barred Class – All Defendants)**

79. Plaintiffs incorporate all preceding allegations of this complaint.

80. The FDCPA, 15 U.S.C. § 1692f(1), prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

81. The Defendants lacked any right to collect interest or fees because they failed to comply with the legal requirements to do so.

82. The Defendants lacked the legal right under any contract because the statute of limitations barred enforcement of any contract. Defendants' right to enforce any contract expired in

2020.

83. When Defendants HGR Fund and NSC communicated with Plaintiffs in 2024 and made demands for payment of interest and fees on the debt, Defendants HGR Fund and NSC did not have the legal right to do so.

84. Nationstar is liable for the actions of HGR Fund and NSC because, while it asserts that it assigned Plaintiffs and Class Members' mortgages to HGR Fund and NSC, it had nothing to assign.

85. Alternatively, the assignment does not relieve Nationstar of liability for enforcement efforts made by HGR Fund or NSC.

86. Defendants' representation that they were entitled to foreclose on a mortgage loan when there is no enforceable security interest violates 15 U.S.C. § 1692f.

87. Plaintiffs and members of the Nationwide Time-Barred Class are entitled to an award of damages, plus attorneys' fees and costs, for Defendants' violations of 15 U.S.C. § 1692f(1).

## COUNT THREE:
## VIOLATION OF FDCPA, 15 U.S.C. § 1692f(6)(A)
## (On Behalf of the Nationwide Time-Barred Class – All Defendants)

88. Plaintiffs incorporate all preceding allegations of this complaint.

89. The FDCPA, 15 U.S.C. § 1692f, prohibits debt collectors such as Defendant from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if…there is no present right to possession of the property claimed as collateral through an enforceable security interest…" 15 U.S.C. § 1692f(6)(A).

90. The statute of limitations to foreclose on Plaintiffs' second mortgage expired in 2020.

91. When Defendants HGR Fund and NSC communicated with Plaintiffs in 2024 and made demands for payment of the debt, and initiated foreclosure proceedings on the second mortgage loan, Defendants HGR Fund and NSC did not have an "enforceable security interest" in Plaintiffs' home, as the statute of limitations for foreclosure of the mortgage had long since expired.

92. While the representation was made by HGR Fund and NSC, it was an action on behalf of Nationstar because Nationstar assigned nothing to HGR Fund.

93. Alternatively, the assignment does not relieve Nationstar of liability for enforcement efforts made by HGR Fund or NSC.

94. Defendants' representation that they had a right to foreclose on a mortgage loan when there is no enforceable security interest violates 15 U.S.C. § 1692f(6)(A).

95. Plaintiffs and members of the Nationwide Time-Barred Class are entitled to an award of damages, plus attorneys' fees and costs, for Defendants' violations of 15 U.S.C. § 1692f(6)(A).

**COUNT FOUR:**
**VIOLATION OF THE NCDCA, N.C.G.S. §§ 75-50, et seq.**
**(On Behalf of the North Carolina Charged-Off Mortgage Class – Defendants NSC and Nationstar)**

96. Plaintiffs incorporate all preceding allegations of this complaint.

97. Defendants NSC and Nationstar are "debt collectors" for purposes of the NCDCA, as that term is defined in N.C.G.S. § 75-50(3).

98. With respect to Plaintiffs and the North Carolina Charged-Off Mortgage Class, Defendants NSC and Nationstar violated the NCDCA for reasons including, but not limited to, the following:

a. By falsely representing the character, extent, or amount of the Class Members'

mortgage loans, in violation of N.C.G.S. § 75-54(4) and -54(6).

b. By attempting to collect interest and fees on the Class Members' mortgage loans that Defendant was not entitled to, in violation of N.C.G.S. § 75-55(2).

99. The foregoing violations of the NCDCA constitute unfair or deceptive acts or practices under Chapter 75-1.1 of the General Statutes.

100. Pursuant to N.C.G.S. § 75-56, Plaintiffs and the members of the North Carolina Charged-Off Mortgage Class have been injured and are entitled to three times the amount of actual damages, plus attorneys' fees and costs incurred in bringing this action. Plaintiffs and the members of the North Carolina Charged-Off Mortgage Class are further entitled to statutory damages for each separate violation of the NCDCA by Defendants NSC and Nationstar.

**COUNT FIVE**
**VIOLATION OF THE NCDCA, N.C.G.S. §§ 75-50, et seq.**
**(On Behalf of the North Carolina Time-Barred Mortgage Class – Defendants NSC and Nationstar)**

101. Plaintiffs incorporate all preceding allegations of this complaint.

102. With respect to Plaintiffs and the North Carolina Time-Barred Mortgage Class, Defendants NSC and Nationstar violated the NCDCA for reasons including, but not limited to, the following:

a. By representing that nonpayment of the Class Members' mortgage loans would result in foreclosure when foreclosure was not permitted by law, in violation of N.C.G.S. § 75-51(6).

b. By threatening to foreclose, and commencing a foreclosure, when foreclosure was not permitted by law, in violation of N.C.G.S. § 75-51(8).

c. By falsely representing the character, extent, or amount of the Class Members' mortgage loans in a legal proceeding, in violation of N.C.G.S. § 75-54(4) and -

54(6).

103. The foregoing violations of the NCDCA constitute unfair or deceptive acts or practices under Chapter 75-1.1 of the General Statutes.

104. Pursuant to N.C.G.S. § 75-56, Plaintiffs and the members of the North Carolina Time-Barred Mortgage Class have been injured and are entitled to three times the amount of actual damages, plus attorneys' fees and costs incurred in bringing this action. Plaintiffs and the members of the North Carolina Time-Barred Mortgage Class are further entitled to statutory damages for each separate violation of the NCDCA by Defendants NSC and Nationstar.

**COUNT SIX**
**VIOLATION OF THE NCCAA, N.C.G.S. §§ 58-70-1, et seq.**
**(On Behalf of the North Carolina Charged-Off Mortgage Class – Defendant HGR Fund)**

105. Plaintiffs incorporate all preceding allegations of this complaint.

106. Defendant HGR Fund is a "collection agency" for purposes of the NCCAA, as that term is defined in N.C.G.S. § 58-70-15(4).

107. With respect to Plaintiffs and the North Carolina Charged-Off Mortgage Class, Defendant HGR Fund violated the NCCAA for reasons including, but not limited to, the following:

a. By falsely representing the character, extent, or amount of the Class Members' mortgage loans, in violation of N.C.G.S. § 58-70-110(4) and -110(6).

b. By attempting to collect interest and fees on the Class Members' mortgage loans that Defendant was not entitled to, in violation of N.C.G.S. § 58-70-115(2).

108. The foregoing violations of the NCCAA constitute unfair or deceptive acts or practices under Chapter 75-1.1 of the General Statutes.

109. Pursuant to N.C.G.S. § 58-70-130, Plaintiffs and the members of the North Carolina Charged-Off Mortgage Class have been injured and are entitled to three times the amount of actual

damages, plus attorneys' fees and costs incurred in bringing this action. Plaintiffs and the members of the North Carolina Charged-Off Mortgage Class are further entitled to statutory damages for each separate violation of the NCCAA by Defendant HGR Fund.

**COUNT SEVEN**
**VIOLATION OF THE NCCAA, N.C.G.S. §§ 58-70-1, et seq.**
**(On Behalf of the North Carolina Charged-Off Mortgage Sub-Class – Defendant HGR Fund)**

110. Plaintiffs incorporate all preceding allegations of this complaint.

111. With respect to Plaintiffs and the North Carolina Charged-Off Mortgage Sub-Class, Defendant violated the NCCAA for reasons including, but not limited to, the following:

a. By falsely representing the character, extent, or amount of the Class Members' mortgage loans, in violation of N.C.G.S. § 58-70-110(4) and -110(6).

b. By attempting to collect interest and fees on the Class Members' mortgage loans that Defendant was not entitled to, in violation of N.C.G.S. § 58-70-115(2).

112. Pursuant to N.C.G.S. § 58-70-130, Plaintiffs and the members of the North Carolina Charged-Off Mortgage Sub-Class are entitled to actual damages. Plaintiffs and the members of the North Carolina Charged-Off Mortgage Sub-Class are further entitled to statutory damages for each separate violation of the NCCAA by Defendant HGR Fund.

**COUNT EIGHT**
**VIOLATION OF THE NCCAA, N.C.G.S. §§ 58-70-1, et seq.**
**(On Behalf of the North Carolina Time-Barred Mortgage Class – Defendant HGR Fund)**

113. Plaintiffs incorporate all preceding allegations of this complaint.

114. With respect to Plaintiffs and the North Carolina Time-Barred Mortgage Class, Defendant HGR Fund violated the NCCAA for reasons including, but not limited to, the following:

a. By attempting to collect on the Class Members' mortgage loans when Defendant

HGR Fund knew, or reasonably should have known, that such collection was barred by the applicable statute of limitations, in violation of N.C.G.S. § 58-70-115(4).

b. By representing that nonpayment of the Class Members' mortgage loans would result in foreclosure when foreclosure was not permitted by law, in violation of N.C.G.S. § 58-70-95(6).

c. By threatening to foreclose, and commencing a foreclosure, when foreclosure was not permitted by law, in violation of N.C.G.S. § 58-70-95(8).

d. By falsely representing the character, extent, or amount of the Class Members' mortgage loans in a legal proceeding, in violation of N.C.G.S. § 58-70-110(4) and -110(6).

115. The foregoing violations of the NCCAA constitute unfair or deceptive acts or practices under Chapter 75-1.1 of the General Statutes.

116. Pursuant to N.C.G.S. § 58-70-130, Plaintiffs and the members of the North Carolina Time-Barred Mortgage Class have been injured and are entitled to three times the amount of their actual damages, plus statutory damages for each separate violation of the NCCAA by Defendant HGR Fund. Plaintiffs and the members of the North Carolina Time-Barred Mortgage Class are further entitled to an award of attorneys' fees and costs.

**COUNT NINE**

**VIOLATION OF THE NCCAA, N.C.G.S. §§ 58-70-1, et seq.**

**(On Behalf of the North Carolina Time-Barred Mortgage Sub-Class – Defendant HGR Fund)**

117. Plaintiffs incorporate all preceding allegations of this complaint.

118. With respect to Plaintiffs and the North Carolina Time-Barred Mortgage Sub-

Class, Defendant violated the NCCAA for reasons including, but not limited to, the following:

a. By attempting to collect on the Class Members' mortgage loans when Defendant HGR Fund knew, or reasonably should have known, that such collection was barred by the applicable statute of limitations, in violation of N.C.G.S. § 58-70-115(4).

b. By representing that nonpayment of the Class Members' mortgage loans would result in foreclosure when foreclosure was not permitted by law, in violation of N.C.G.S. § 58-70-95(6).

c. By threatening to foreclose, and commencing a foreclosure, when foreclosure was not permitted by law, in violation of N.C.G.S. § 58-70-95(8).

d. By falsely representing the character, extent, or amount of the Class Members' mortgage loans in a legal proceeding, in violation of N.C.G.S. § 58-70-110(4) and -110(6).

119. Pursuant to N.C.G.S. § 58-70-130, Plaintiffs and the members of the North Carolina Time-Barred Mortgage Sub-Class are entitled to actual damages. Plaintiffs and the members of the North Carolina Time-Barred Mortgage Sub-Class are further entitled to statutory damages for each separate violation of the NCCAA by Defendant HGR Fund.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed classes, request that the Court:

1. Grant certification of the proposed classes;

2. Enter a declaratory judgment that all amounts of interest and fees retroactively assessed by or collected by Defendants on Plaintiffs' and Class Members' mortgage loans are invalid

for time periods during which they lacked the legal right to collect interest or fees because they did not comply with the legal requirement to send periodic mortgage statements.

3. Award damages to Plaintiffs and the Class Members and costs and attorneys' fees;

4. Allow a trial by jury be had on all issues so triable; and

5. Award additional relief as the Court may determine to be just and proper.

Dated: June 17, 2026

/s/ Rashad Blossom
Rashad Blossom (State Bar No. 45621)
Blossom Law PLLC
126 N. McDowell St., 2nd Floor
Charlotte, NC 28204
Telephone: (704) 256-7766
Facsimile: (704) 486-5952
rblossom@blossomlaw.com

Attorney for Plaintiffs

# McMichael Taylor Gray, LLC

3550 Engineering Drive | Suite 260 | Peachtree Corners, GA 30092
Office: 404-474-7149 | Fax: 404-745-8121

October 2, 2024

**STATUTORY NOTICE PURSUANT TO NCGS 45-102**

Usman Ghani
11135 Cypress View Drive
Charlotte, NC 28262

Tahira U. Ghani
11135 Cypress View Drive
Charlotte, NC 28262

| | | |
|---|---|---|
| RE: | Our File No: | [redacted] |
| | Borrower(s): | Usman Ghani |
| | Property Address: | 11135 Cypress View Drive, Charlotte, NC 28262 |
| | Account Number: | X[redacted] |

Dear Sir(s) and/or Madam(s):

The mortgage servicer's records indicate the above-referenced mortgage loan is in default. The loan has matured and the full amount is now due and owing. A payment was last received and applied to the installment due on December 1, 2009. Payment in full is now required by the Note and Deed of Trust executed on September 1, 2006, in the original balance of $29,658.00. The Note is secured by a Deed of Trust on the property located at 11135 Cypress View Drive, Charlotte, NC 28262, "Property".

Under the terms and conditions of the Note and Deed of Trust you are hereby notified of the following:

***THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU HAVE RECEIVED A DISCHARGE IN A CHAPTER 7 BANKRUPTCY, WE ARE AWARE YOU ARE NOT PERSONALLY OBLIGATED FOR THIS DEBT AND THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.***



**Exhibit 1**

1. The loan is in default because the loan has matured and the full amount is now due and owing. An accounting of what is owed which includes: principal balance, accrued interest, escrow (if applicable), late charges (if any), and any additional fees, as of today, is itemized below.

| | |
|---|---|
| Principal Balance | $28,912.00 |
| Accrued Interest | $39,719.87 |
| BPO/Appraisal | $0.00 |
| Prior Default Fees & Costs | $0.00 |
| Property Inspections & Preservation | $0.00 |
| Loan Charges/Fees | $0.00 |
| TOTAL AMOUNT OWED | $68,631.87 |

2. To cure the default, you must pay the past due amount to Housing Group Recovery Fund, LP, current Noteholder, within 45 days from the date of this letter. **Any additional monthly payments and charges that fall due within the next 45 days must also be paid to bring your account current.** In order to verify the total amount due, please contact 404-474-7149 prior to submitting funds. You must send certified funds (certified check, cashier's check, or money order) to:

Housing Group Recovery Fund, LP
c/o Note Servicing Center
PO Box 1380
Suisun City, CA 94585

3. Your failure to cure the default within 45 days of the date of this letter may result in acceleration of the sums secured by said Deed of Trust and a foreclosure sale of your Property, as well as other remedies available to the Lender;

4. You have the right to reinstate the loan after acceleration in accordance with the terms of the Note and Deed of Trust; and

5. You have the right to bring a court action to assert the non-existence of a default or any other legal defense to acceleration and sale.

Alternatives to foreclosure may be available. If you are unable to pay the past due amount, your lender may have loss mitigation programs that might help you resolve your default and keep your home. They need to talk with you to discuss those options and determine which of them might be appropriate for your circumstances. Please call them as soon as possible at:

Loan servicer: Note Servicing Center
for: Housing Group Recovery Fund, LP,

| | |
|---|---|
| Contact address: | 3275 E. Robertson Blvd.<br>Suite B<br>Chowchilla, CA 93610 |
| Phone: | 800-646-3445 |

In addition, there are homeownership counseling services available to borrowers. Such counseling is available through a variety of nonprofit organizations experienced in homeownership counseling and approved by the Secretary of Housing and Urban Development (HUD).

Two HUD-approved homeownership counseling agencies are:

| | |
|---|---|
| CCCS of Raleigh – Triangle Family Services: | 3937 Western Blvd<br>Raleigh, NC 27606<br>919-821-0790<br>https://tfsnc.org |
| Community Link: | 601 East 5th Street, Suite 220<br>Charlotte, NC 28202<br>800-977-1969<br>www.communitylinknc.org |

A more complete list of agencies can be obtained by calling or writing the State Home Foreclosure Prevention Project of the Housing Finance Agency at the contact information below:

3508 Bush Street
Raleigh, NC 27609
888-442-8188
www.ncforeclosureprevention.gov

Respectfully,

McMichael Taylor Gray, LLC

***THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU HAVE RECEIVED A DISCHARGE IN A CHAPTER 7 BANKRUPTCY, WE ARE AWARE YOU ARE NOT PERSONALLY OBLIGATED FOR THIS DEBT AND THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.***

# McMichael Taylor Gray, LLC

3550 Engineering Drive | Suite 260 | Peachtree Corners, GA 30092
Office: 404-474-7149 | Fax: 404-745-8121

December 23, 2024

VIA FIRST CLASS U.S. MAIL

Tahira U. Ghani
11135 Cypress View Drive
Charlotte, NC 28262

Usman Ghani
11135 Cypress View Drive
Charlotte, NC 28262

| | | |
|---|---|---|
| RE: | File No: | [redacted] |
| | Mortgagor(s): | Usman Ghani and Tahira U. Ghani |
| | Property Address: | 11135 Cypress View Drive, Charlotte, NC 28262 |
| | Loan #: | XX[redacted] |

Dear Sir(s) and/or Madam(s):

The above-referenced loan is in default because of a failure to pay the required amounts due as established by a Note dated **September 1, 2006** (or any modifications of said Note) which is secured by a Deed of Trust on the above referenced property. Pursuant to North Carolina General Statutes 45-21.16 (5a), as of the date of this letter, the total amount due on the loan ("payoff") is as shown below, which includes past due payments, accrued interest, escrow (if applicable), late charges (if any), and any additional fees and costs. Below is an itemized breakdown of the total amount due:

---

*****THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU HAVE RECEIVED A DISCHARGE IN A CHAPTER 7 BANKRUPTCY, WE ARE AWARE YOU ARE NOT PERSONALLY OBLIGATED FOR THIS DEBT AND THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.*****

| | |
|---|---|
| Principal Balance: | $28,912.00 |
| Interest: | $39,734.49 |
| Attorney Fees & Costs: | $750.00 |
| **TOTAL DUE:** | **$69,396.49** |
| | |
| Per Diem | $7.33 |
| Current Interest Rate | 9.125% |

In order to verify the total amount due, please contact 404-474-7149 prior to submitting funds. Certified funds must be sent (certified check, cashier's check, or money order) to:

**Housing Group Recovery Fund, LP**
**c/o Note Servicing Center**
**3275 E. Robertson Blvd.**
**Suite B**
**Chowchilla, CA 93610**

Please be advised that because of interest, late fees, and various other charges, the total amount due, as referenced above, may change daily. Hence, if payoff funds are sent to our office reflecting the amount referenced above, an adjustment may be necessary. If the amount forwarded to this office is insufficient to pay off the debt entirely, this office will relay this information before depositing the check for collection.

If you have received a discharge in a Bankruptcy proceeding and this debt was not reaffirmed, this notice is not intended to indicate that you are personally liable for this debt or that we are attempting to collect a debt from you. In this instance, the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purpose other than that of conducting a foreclosure and/or exercising in rem rights and obligations under the security instrument pursuant to applicable state and federal law.

Respectfully,

McMichael Taylor Gray, LLC

*****THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU HAVE RECEIVED A DISCHARGE IN A CHAPTER 7 BANKRUPTCY, WE ARE AWARE YOU ARE NOT PERSONALLY OBLIGATED FOR THIS DEBT AND THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.*****